IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY EDMOND,

                    Petitioner,

          v.                              CASE NO. 20-3248-SAC

SAM CLINE,

                    Respondent.


MEMORANDUM AND ORDER


     The matter is before the Court on Petitioner's response to the
Court's December 14, 2020 order to show case (Doc. 7) and
Petitioner's motion to amend his amended petition (Doc. 8).

**Motion to Amend (Doc. 8)**

     In his motion for leave to file a second amended petition,
Petitioner seeks to add another claim and argue that his Fourteenth
Amendment due process rights were violated when the State of Kansas
convicted him on insufficient evidence. (Doc. 8.) Local Rule
15.1(a)(2) requires Petitioner to attach the proposed second
amended petition to his motion to amend. See D. Kan. Rule
15.1(a)(2). Petitioner has not done so, but the Court will grant
Petitioner's motion to amend and direct Petitioner to file his
second amended petition within 30 days of the date of this order.
The second amended petition may add only one additional claim, based
on insufficiency of the evidence on which Petitioner was convicted.
For the reasons explained below, Petitioner may not include in his
second amended petition the claims currently identified as Claims
3 and 4.

**Response to the Court's Order to Show Cause (Doc. 7)**

As the Court noted in its December 2020 show-cause order, Claims 3 and 4 in Petitioner's amended petition — which allege ineffective assistance of counsel ("IAC") by Petitioner's direct-appeal counsel and his counsel during post-conviction collateral proceedings — correspond to claims Petitioner raised in Kansas state courts during his post-conviction collateral proceedings. Petitioner did not raise these claims to the state courts, however, until his appeal from the denial of his motion for habeas relief under K.S.A. 60-1507. See *Edmond v. State*, 453 P.3d 1208, 2019 WL 6794879, *13 (Kan. Ct. App. 2019), *rev. denied* Sept. 24, 2020.

The Kansas Court of Appeals ("KCOA") noted that "claims of ineffective assistance of counsel raised for the first time on appeal generally will not be considered." *Id.* Three exceptions to this general rule exist; a Kansas appellate court "may consider constitutional issues raised for the first time on appeal" if: "(1) the newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the claims is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the district court is right for the wrong reason." *State v. Godfrey*, 301 Kan. 1041, 1043 (2015).

The party wishing to raise an issue for the first time on appeal bears the burden to identify and invoke one of the exceptions, a requirement that "is ignored at a litigant's own peril." *Id.* The KCOA held that Petitioner "advance[d] no argument or authority to support his contention that he can raise this claim for the first time on appeal." *Id.* Because the Kansas Supreme Court

("KSC") has held that the rule requiring litigants to explain why a court should consider on appeal an issue not raised below "should be strictly enforced," the KCOA did not address the merits of Petitioner's arguments. *Id.* (citing *State v. Godfrey*, 301 Kan. 1041, 1044 (2015)).

The KCOA also noted that "[w]hen a litigant fails to adequately brief an issue, it is deemed abandoned." *Edmond*, 2019 WL 6794879, at *13 (citing *State v. Sprague*, 303 Kan. 418, 425 (2015). Because Petitioner only made "a conclusory claim that his [appellate/K.S.A. 60-1507] counsel was ineffective," and "[did] not mention the issue again in his brief," the KCOA deemed the claims abandoned and did not address their merits. *Edmond*, 2019 WL 6794879, at

Federal courts "do not review issues that have been defaulted on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Thus, the Court directed Petitioner to show cause why Claims 3 and 4 in his amended petition should not be summarily dismissed due to procedural default by showing either cause and prejudice or that review of these claims is required to avoid a fundamental miscarriage of justice.

Petitioner timely filed his response, in which he argues (1) his claims are not procedurally defaulted, (2) even if they are, he can show the required cause and prejudice, and (3) even if he cannot, the Court should review his claims to avoid a fundamental miscarriage of justice. The Court will address each of Petitioner's arguments in turn.

**Did the KCOA apply an "adequate" procedural ground**

"To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'" *Walker v. Martin*, 562 U.S. 307, (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009)). Petitioner argues that Kansas appellate courts' rule that they generally do not address issues raised for the first time on appeal is not an "adequate" procedural rule because Kanas appellate courts do not consistently or "regularly" follow the rule and its exceptions as articulated in *Godfrey*. (Doc. 7, p. 5.) In support, Petitioner identifies several cases in which Kansas appellate courts examined the merits of issues raised for the first time on appeal or poorly briefed issues. (Doc. 7, p. 5-13.)

None of the cases Petitioner cites are persuasive with respect to this case. In 2014, the KSC clearly ended any inconsistency about enforcing the general rule that litigants must affirmatively assert an exception to the general rule against addressing issues for the first time on appeal. See *State v. Williams*, 298 Kan. 1075, 1085 (2014) ("Future litigants should consider this a warning and . . . explain[] why an issue is properly before the court if it was not raised below—or risk a ruling that an issue improperly briefed will be deemed waived or abandoned."). Yet three of the cases Petitioner cites occurred before that holding. See *Robertson v. State*, 288 Kan. 217 (2009) (cited by Petitioner); *Trotter v. State*, 288 Kan. 112 (2009) (same); *Saleem v. State*, 2006 WL 3353769 (Kan. Ct. App. 2006). Petitioner points the Court to *Bogguess v. State*, 306 Kan. 574 (2017), in which Petitioner asserts that the KSC "remanded [the] case to the district court" for a hearing rather than bar an IAC claim raised for the first time in a K.S.A. 60-1507 appeal. (Doc.

7, p. 7.) *Bogguess* does not reflect this type of remand.

Petitioner also cites *Allison v. State*, 56 Kan. App. 2d 470, 472 (2018), a case in which the KCOA remanded for an evidentiary hearing on an IAC claim raised for the first time on appeal rather than decline to address the claim at all. (Doc. 7, p. 7.) *Allison* is not persuasive here, however, because the appellant in that case requested that the KCOA order the remand, whereas Petitioner in this case did not. See *Edmond*, 2019 WL 6794879, at *5 ("Nor has Edmond properly asserted that we should remand this case to the district court to hear his claims of ineffective assistance of trial counsel raised for the first time on appeal.").

Finally, Petitioner cites *State v. Flores*, 2016 WL 556372, at *3 (Kan. Ct. App. 2016), in which the KCOA characterized the State's briefing on its claim that the district court erred by granting a motion to suppress evidence as "shockingly sparse" and "so lacking as to be akin to a failure to brief the issue, tempting us to dismiss the State's appeal on this basis alone." Despite this, the KCOA continued: "However, in the interests of justice, we have instead conducted an independent review of the entire record" and it thus disposed of the issue on its merits. *Id.* Petitioner argues to this Court that *Flores* shows that the rule against raising issues for the first time on appeal is "'not regularly followed,' and accordingly, it must be determined that the rule was 'not' adequate." (Doc. 7, p. 13.)

But as Petitioner also acknowledges, the United States Supreme Court has held:

"[A] discretionary state procedural rule can serve as an adequate ground to bar federal habeas review. Nothing

inherent in such a rule renders in inadequate for purposes of the adequate state ground doctrine. To the contrary, a discretionary rule can be 'firmly established' and 'regularly followed'—even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others."

*Beard v. Kindler*, 558 U.S. 53, 60-61 (2009).

Notwithstanding the occasional exercise of discretion to address the merits of an issue, Kansas appellate courts since at least 2014 regularly have followed the firmly established procedural rule that litigants may not raise an issue for the first time on appeal without affirmatively explaining why the appellate court should consider it. See *Williams*, 298 Kan. at 1085, Petitioner has failed to persuade the Court that this rule is an inadequate independent state procedural ground.[1] Thus, in order to obtain the Court's review of his Claims 3 and 4, Petitioner must either show cause and prejudice or demonstrate that review is necessary to avoid a fundamental miscarriage of justice.

**Cause and Prejudice**

To demonstrate cause, Petitioner must "show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rules." *Murray v. Carrier*, 477

---

[1] Petitioner also argues that he "in fact, invoked one of the exceptions to the general rules recognized by *Godfrey*" and that his IAC claims implicate fundamental constitutional rights and a decision on the merits would serve the ends of justice. (Doc. 7, p. 5.) But the question before the Court is not whether the Court agrees with the KCOA's application of the independent and adequate state procedural ground. The pertinent questions are whether the KCOA applied an independent and adequate state procedural ground and, if so, whether Petitioner has shown cause and prejudice to overcome the procedural default or has shown that a refusal to examine Claims 3 and 4 on their merits would cause a fundamental miscarriage of justice. See *Jackson*, 143 F.3d at 1317.

U.S. 478, 488 (1996).

Petitioner argues that he "relies on the ineffectiveness of his direct appeal and postconviction attorneys to excuse his failure to comply with Kansas' procedural rules, not as an independent basis for overturning his conviction." (Doc. 7, p. 4.) This argument is puzzling, since Petitioner has identified the grounds for habeas relief in Claims 3 and 4 as the ineffectiveness of direct-appeal and postconviction counsel. In other words, if Petitioner is not relying on alleged ineffectiveness by those attorneys as a substantive ground for habeas relief, any procedural default of claims of their ineffectiveness is irrelevant.

In any event, the United States Supreme Court has explained that in order for IAC to constitute "cause" that excuses a procedural default, "the assistance must have been so ineffective as to violate the Federal Constitution. In other words, ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim" which "generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). Thus, for Petitioner to use an IAC claim as cause to excuse his procedural default, *that* IAC claim must have been presented to the state courts. Here, Petitioner did not adequately raise his claims of IAC by his direct-appeal and 60-1507 counsel in the state courts. Thus, he may not use those claims to show cause to excuse his procedural default.

Because Petitioner fails to demonstrate cause, the Court need not consider whether he can establish the required prejudice. See

*Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995).

**Fundamental Miscarriage of Justice**

Finally, the Court will conduct habeas corpus review to avoid "a fundamental miscarriage of justice" even when a petitioner cannot show cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). With respect to his fundamental miscarriage of justice argument, Petitioner asks the Court only to consider the constitutional consequences of requiring a showing of innocence. (Doc. 7, 13-14.) He provides no legal authority showing that the Tenth Circuit is reconsidering its holding that review of a procedurally defaulted claim to avoid a fundamental miscarriage of justice is available only in the "extraordinary" case of a petitioner who is "innocent of the crime." See *Gilbert v. Scott*, 941 F.3d 1065, 1068 n.2 (10th Cir. 1991). To support a claim of actual innocence, "a petitioner must show that it is more likely that not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Petitioner does not allege that he is actually innocent of his crimes of conviction. As such, he fails to persuade the Court that it must review Claims 3 and 4 to avoid a fundamental miscarriage of justice.

In summary, the Court concludes that the KCOA rejected Petitioner's Claims 3 and 4 due to noncompliance with adequate and independent state procedural rules. Thus, Claims 3 and 4 are procedurally defaulted. Petitioner has failed to show the cause and prejudice or the fundamental miscarriage of justice required for this court to consider Claims 3 and 4 on their merits. Accordingly, the Court would summarily dismiss Claims 3 and 4, but considering

Petitioner's pending motion to amend, the Court will instead direct Petitioner to omit those claims from his anticipated second amended petition.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Amend, (Doc. 4), is granted. Petitioner is directed to submit a second amended petition that complies with this order on or before July 9, 2021. The clerk of the court shall transmit a form petition to Petitioner.

**IT IS SO ORDERED.**

DATED:  This 9th day of June, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge